IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal Action No. |
| -vs- | : | 2:25-cr-00094 |
| GREGORY NEAL HAGER, | : | |
| Defendant. | : | |

PLEA HEARING
BEFORE THE HONORABLE DAVID A. FABER
UNITED STATES DISTRICT JUDGE
IN CHARLESTON, WEST VIRGINIA
October 7, 2025

APPEARANCES

For the Government:
AUSA LESLEY S. SHAMBLIN
U.S. ATTORNEY'S OFFICE
Robert C. Byrd U.S. Courthouse
Southern District of WV
Room 4000
300 Virginia Street, East
Charleston, WV 25301

For the Defendant:
CHIEF FEDERAL PUBLIC DEFENDER
WESLEY P. PAGE
FEDERAL PUBLIC DEFENDER'S OFFICE
Room 3400
300 Virginia Street, East
Charleston, WV 25301

Probation Officer: Olivya Atik Jones, USPO

Proceedings recorded by mechanical stenography, transcript produced by computer.

AMANDA J. PICKENS, CCR, RPR, FCRR
Federal Official Court Reporter
Robert C. Byrd U.S. Courthouse
300 Virginia Street, East
Charleston, WV 25301

(The following proceedings were held before the Honorable David A. Faber, United States District Judge, in the case of *United States of America v. Gregory Neal Hager*, on October 7, 2025, at Charleston, West Virginia, beginning at 11:29 a.m.)

THE COURT: The case before the Court this morning is the United States against Gregory Neal Hager.

Case Number 2:25-94.

Will you note your appearances, please?

MS. SHAMBLIN: Lesley Shamblin for the United States, Your Honor.

MR. PAGE: Good morning, Your Honor. Wesley Page on behalf of Mr. Hager who is seated to my left.

THE COURT: Ms. Shamblin, please place on the record the purpose of the hearing today.

MS. SHAMBLIN: Your Honor, the defendant in this case wishes to change his plea from not guilty to guilty on the single-count in the indictment in this case, and he does that pursuant to a written plea agreement.

THE COURT: Mr. Hager, if it's your intention to change your plea, I'll ask you to come up to the podium with your counsel, Mr. Page and the clerk will place you under oath.

MR. PAGE: Yes, Your Honor.

(Defendant and counsel approach.)

DEPUTY CLERK: Please raise your right hand.

**GREGORY NEAL HAGER, DEFENDANT, SWORN**

THE COURT: Mr. Hager, before I can accept your plea, I'm required to ask you a number of questions to ensure that your plea is a valid plea. If at any time during my questions you want to confer with Mr. Page, your attorney before answering or you want to ask me anything, let me know and I'll allow you to do so.

You also need to understand that by pleading guilty, the Court may question you about the offense to which you are pleading. And if you answer any questions under oath and fail to tell the truth, you can subject yourself to further prosecution for perjury or false statement. In a prosecution for perjury or false swearing, the Government may use any statement that you have given under oath against you.

Do you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Will you state your full name, please?

THE DEFENDANT: Gregory Neal Hager.

THE COURT: How old are you, Mr. Hager?

THE DEFENDANT: I'm 40, Your Honor.

THE COURT: And what's your current residence?

THE DEFENDANT: 114 Riverside Drive, West, Madison, West Virginia, 25130.

THE COURT: Do you read and write the English language?

THE DEFENDANT: Yes, Your Honor.

THE COURT: How far did you go in school?

THE DEFENDANT: I have two associates degrees.

THE COURT: Tell me what those degrees are, Mr. Hager.

THE DEFENDANT: I have a degree in cyber security and a degree in network engineering.

THE COURT: All right. Thank you.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you in the past two years been under the care of a physician or other medical practitioner for any serious injury or illness?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you in the past two years been under the care of a psychiatrist or psychologist for any mental or emotional disorder?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you in the past two years been under treatment for drug or alcohol addiction?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you taken any drugs, medicine, or pills, or drunk any alcoholic beverages in the last 24 hours?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you in good health both mentally and physically so far as you know?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Page, do you have any reason to question your client's competency?

MR. PAGE: None whatsoever, Your Honor.

THE COURT: Do you, Ms. Shamblin?

MS. SHAMBLIN: No, Your Honor.

THE COURT: The Court finds him competent.

Is there a written plea agreement?

MR. PAGE: Yes, Your Honor.

MS. SHAMBLIN: Yes, Your Honor.

THE COURT: The original will be marked and filed and made a part of the record.

And I would like for you to summarize it for the record, Ms. Shamblin.

MS. SHAMBLIN: Your Honor, the plea agreement in this case is written in letter form and it's addressed to the defendant's counsel, Federal Public Defender Wesley Page. It bears the defendant's initials at the foot of the first 11 pages. He and his counsel have signed page 11 and I have signed page 10.

Attached to the plea agreement is a Stipulation of Facts, which the defendant, his counsel, and I have all

signed.

Paragraph 1 of the plea agreement sets forth the pending charges, in particular, a one-count indictment in the Southern District of West Virginia charging the defendant with possession of child pornography.

Paragraph 2 sets forth the resolution of those charges, which is that the defendant will plead to the single-count indictment.

Paragraph 3 sets forth the maximum penalty, which is a term of imprisonment of up to 10 years. However, as noted in footnote 1, if the Court accepts the parties' plea agreement in this case, the minimum term of imprisonment will be 70 months and the maximum term will be 87 months. There is a potential for a fine of up to $250,000; a supervised release term of 5 years to life; a mandatory special assessment of $100; and any restitution that this Court would happen to order.

Paragraph 4 provides for a payment of the special assessment from the Inmate Financial Responsibility Program unless it is paid prior to any incarceration.

Paragraph 5, the defendant understands that the Court will order restitution and he will cooperate with the collection of those amounts by giving sworn statements or testimony when requested, executing a financial packet, which the defendant has already done, not disposing of or

transferring real or personal property, assisting with the liquidation of assets, and waiving any exemptions he might have to the estate of real or personal property. The defendant also agrees not to appeal the restitution order unless it exceeds $10,000 per victim, but that does not prevent this Court from awarding more than $10,000 per victim in this case.

In paragraph 6, the defendant agrees to forfeit the property identified in the indictment, which is a particular external hard drive and any other property that was used to commit the offense or is proceeds from the offense. The defendant will also complete a financial affidavit, which again, he has already done, assist the United States in the forfeiture of assets and waive any defenses to forfeiture proceedings.

Paragraph 7 provides that all monetary penalties are due and payable immediately. And the defendant further agrees to cooperate with the United States and its Financial Litigation Unit in collecting any amounts that are due and payable.

Paragraph 8 requires the defendant's truthful cooperation with law enforcement, including providing grand jury and trial testimony if requested.

Paragraph 9 grants the defendant use immunity for statements or testimony that he provides unless he violates

the agreement, except as expressly provided in paragraph 11.

Paragraph 10 limits use immunity to exclude information obtained from independent legitimate sources. The United States also reserves the right to prosecute the defendant for perjury or false statement if applicable.

Paragraph 11 provides for a Stipulation of Facts and a waiver of Federal Rule of Evidence 410. The parties agree that the facts comprising the offense of conviction include those in the attached Stipulation of Facts. The defendant agrees that if he withdraws from the agreement or it is voided as a result of his breach of its terms and he is tried on the charge in the indictment, the United States may use and introduce the Stipulation of Facts in its case in chief, in cross-examination, or in rebuttal. The defendant voluntarily waives any right he has pursuant to Rule 410 that would prohibit such use. The United States cannot use the stipulation if the Court rejects the plea agreement through no fault of the defendant or declares it void through the Government's breach of its terms.

The parties also understand and acknowledge that the Court is not bound by the Stipulation of Facts. And if some or all of it is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

In paragraph 12, the defendant waives his right to appellate review of his conviction and sentence unless his

sentence exceeds the parties' agreement in paragraph 16. He also waives his right to collaterally attack his guilty plea, conviction, or sentence. Those waivers do not apply to ineffective assistance of counsel claims.

Paragraph 13 provides that the defendant waives his right to request records under FOIA or the Privacy Act pertaining to the investigation or prosecution of his case following final disposition.

Paragraph 14 requires the defendant to register as a sex offender and keep his registration current where he lives, where he is employed, and where he is a student. He acknowledges that he knows he may have to register for life and that his failure to register is a violation of the law that may expose him to further prosecution.

In paragraph 15, the United States agrees that final disposition of this case concludes the defendant's prosecution by the United States in the Southern District of West Virginia for production of child pornography, receipt of child pornography, enticement of a minor, and obscenity offenses related to Minor Victim 1 occurring on or before December 7th of 2023.

In paragraph 16, it sets forth the parties' agreement per Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence of 70 to 87 months of imprisonment is the appropriate disposition of this case. The defendant

understands that the agreement doesn't bind the Court unless the Court accepts the plea agreement. And the defendant has the right to void the plea agreement and withdraw from his guilty plea if the Court refuses to accept the plea agreement.

Paragraph 17 provides that the matter of sentencing is within the sole discretion of the Court and that the Government has made no representations or promises as to a specific sentence except as set forth in paragraph 16. The Government does reserve the right to inform the probation office and the Court of all relevant facts and conduct, present evidence and argument relevant to the Section 3553(a) sentencing factors, respond to questions, correct mistakes in the presentence report, respond to statements made by or on behalf of the defendant, advise the Court of the extent of the defendant's cooperation and acceptance of responsibility.

Paragraph 18 sets forth that if either party violates the agreement, the other party will have the right to void the agreement. And if the Court refuses to accept the agreement, it shall be void.

And paragraph 19 finally identifies the written agreement as the entire agreement between the parties.

THE COURT: Mr. Hager, you heard the Assistant U.S. Attorney's summary of the plea agreement in this case.

Does what she said accurately reflect the agreement you made with the Government?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you read the plea agreement for yourself and gone over it carefully with Mr. Page, your attorney?

THE DEFENDANT: Yes, Your Honor, I have.

THE COURT: Do you feel like you understand the -- everything in the plea agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Page, what in your professional opinion are the advantages which accrue to Mr. Hager under the plea agreement as opposed to standing trial on the underlying indictment?

MR. PAGE: Your Honor, the plea agreement allows Mr. Hager to demonstrate his acceptance of responsibility. In addition, he avoids any risk of prosecution for the offenses listed in paragraph 15 and secures, to the extent possible, a sentence within a range acceptable to him under paragraph 17 -- I'm sorry -- 16.

THE COURT: Ms. Shamblin, are there any advantages to the Government under this plea agreement?

MS. SHAMBLIN: Your Honor, through this plea agreement, the United States obtains finality and an appropriate resolution to this matter as well as a

conviction that conserves government and court resources in not bringing the case to trial. This plea agreement also provides for restitution to the victim in this case.

THE COURT: Mr. Hager, if I accept your plea, these are the maximum penalties to which you will be exposed by virtue of your guilty plea.

A term of imprisonment of 10 years; a fine of $250,000 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from your conduct, whichever is greater; a mandatory special assessment of $100 pursuant to 18 U. S. C. Section 3013; as well as a mandatory $5,000 assessment under 18 U. S. C. Section 3014. You also will be exposed to the possibility of an order of restitution.

Is restitution a factor in this case, Ms. --

MS. SHAMBLIN: Your Honor, I am not sure today whether the victim in this case is going to request restitution or not, but I believe that it is a possibility.

THE COURT: All right. There's a possibility of restitution in this case, Mr. Hager, under 18 U. S. C. Sections 2259, 3663(a) and 3664.

You'll also be required to serve a term of supervised release of not less than 5 years and not more than life. And the indictment, as referenced in the plea agreement, also contains a forfeiture provision.

Now, the plea agreement is a Rule 11(c)(1)(C) agreement

where the parties agree that a sentence of between 70 and 87 months is the appropriate disposition. The Court is not bound by this. I'll make a decision later as to whether to accept it not. If I choose not to accept it, you'll have the right to withdraw your plea agreement.

Now, do you feel like you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Supervised release is a period of time during which you would be subject to control or supervision by the probation department of this Court after you complete any term of imprisonment included in the Court's initial sentence. Supervised release is subject to numerous conditions, and if you -- and if the Court finds you violated any of those conditions, you could be given additional time in prison over and above the original term of imprisonment included in the Court's initial sentence.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Under the Sentencing Reform Act of 1984, the U.S. Sentencing Commission has issued guidelines for courts to follow in determining the sentences in criminal cases. The guidelines are no longer mandatory, but the Court is required to consult them and impose a sentence that is sufficient, but not greater than necessary to comply with the statutory objectives of sentencing giving due

consideration to the guidelines.

Have you and Mr. Page, your attorney talked about how the guidelines might apply to your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand from those discussions that the Court will not be able to determine the guideline sentence for your case until after a presentence report has been completed by the probation department and you and the United States have each had the opportunity to challenge anything in that report you believe to be inaccurate or incomplete?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that after it has been determined what guideline does apply to your case, the Court has the authority in some circumstances to impose the sentence outside the guideline range; that is, a sentence that is either more severe or less severe than the sentence called for by the guidelines in your case?

A sentence outside the guideline range can take either of two forms. It can be in the form of a departure within one of the specific grounds for a departure contained in the guidelines. Or if a departure does not adequately address the statutory purposes of sentencing, the Court may impose a variant sentence, which is a sentence outside the guidelines, but not within one of the specific grounds for a

departure contained in the guidelines.

Do you feel like you understand all of that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you discussed all that with Mr. Page, your attorney?

THE DEFENDANT: Yes, we have, Your Honor.

THE COURT: Do you understand that under some circumstances, you or the Government may have the right to appeal the sentence I impose?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That is, take to it to a higher court for review?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, the plea agreement in paragraph 12 significantly restricts your appellate rights. That paragraph reads in part as follows:

Mr. Hager and the United States both knowingly and voluntarily waive the right to seek appellate review of his conviction of any sentence imposed by the District Court, including any term of imprisonment, fine, term, or condition of supervised release, term or condition of probation, or special assessment, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U. S. C. Section 3742(a), except that both parties may appeal a sentence of imprisonment that deviates

from the sentence agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) as set forth in paragraph 16 of the plea agreement. Mr. Hager also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 18 U. S. C. Sections 2252A(a)(5)(B) and 2252A(b)(2), is unconstitutional, and (2) Mr. Hager's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 United States Code Sections 2252A(a)(5)(B) and 2252A(b)(2).

Mr. Hager also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including, but not limited to, a motion brought under 28 U. S. C. Section 2255.

The waivers noted herein shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

Have you and your attorney gone over the appeal waiver?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand the rights that you're giving up in this waiver?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: And the rights given up are quite extensive. This is a severe waiver procedure. Do you

understand what you're giving up here?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Hager, do you also understand that parole has been abolished in the federal system. And if you are sentenced to any term of imprisonment, you will not, under any circumstances, be released on parole?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The Court has the authority, Mr. Hager, to order you to make restitution to any victim of the offense in this case.

Do you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if the sentence imposed upon you is more severe than you expected to receive, you'll still be bound by your plea agreement and will have no right to withdraw your guilty plea for that reason?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand you have the absolute right to plead not guilty to the charge against you and persist in your plea of not guilty throughout all the proceedings against you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that the matter of sentencing remains entirely within the discretion of the

Court depending upon what the presentence investigation reveals about you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Knowing all of these things of which I've advised you, do you wish me to accept your plea of guilty to the indictment in this case?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: The Court finds the agreement to be fair to the interest of the defendant for the reasons stated by his counsel on the record, and that the agreement is fair from the Government's standpoint for the reasons placed on the record by the Assistant U.S. Attorney, and therefore, conditionally approve the plea agreement as entered into in the interest of the administration of justice. And we may proceed further on the basis of that finding.

Mr. Hager, you're charged with knowingly possessing material which contains images of child pornography in violation of Title 18 United States Code Sections 2252A(a)(5)(B) and 2252A(b)(2).

Have you received a copy of the indictment in this case?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: Have you read it and gone over it carefully with your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you want the clerk to read it in open court or do you waive the reading of the indictment?

THE DEFENDANT: Waive the reading, Your Honor.

THE COURT: Referring you to the indictment, are you the same person named as Gregory Neal Hager, the sole defendant in this indictment?

THE DEFENDANT: Yes, Your Honor, I am.

THE COURT: And you've previously received a copy of the indictment, read it and gone over it carefully with Mr. Page, your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has he explained to you that the offense to which you are pleading is a felony, and that if I accept your plea, you will be adjudged guilty of a felony, and such adjudication may deprive you of valuable civil rights; such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if convicted -- this obviously does not appeal -- apply to you, but I have to read it to you anyway. Do you understand that if convicted, a defendant who is not a United States citizen may face serious immigration consequences, such as removal from the United States, denial of citizenship, and denial of

admission into the United States in the future?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, let me ask you now, Mr. Hager, what your plea is to the charge contained in the indictment. Do you plead guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Before I can accept your guilty plea, I'm required to explain further what you're charged with and what the Government would have to prove against you in order to obtain a conviction if you stood trial.

The single-count of the indictment charges you with violating 2252A(a)(b)(a)(a) [sic] -- excuse me -- 22252A(a)(5)(B) and 2252A(b)(2), which state in relevant part as follows:

Any person who knowingly possesses or knowingly accesses with intent to view any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed or shipped or transported using any means or facility of interstate or foreign commerce, or in affecting interstate or foreign commerce by any means, including by computer, shall be fined under this title or imprisoned not more than ten years or both.

If you went to trial, to establish the offense made illegal by these statutes, the Government would have to

prove the following elements beyond a reasonable doubt:

First, that you knowingly possessed an item or items of child pornography.

Second, the items of child pornography have been transported, shipped, or mailed in interstate or foreign commerce, including by a computer.

And third, whether the defendant received, possessed, or distributed the items, he believed the items were or contained child pornography.

Now, with regard to possession, the law recognizes two kinds; actual and constructive.

A person who knowingly has direct physical control over the thing at a given time is then in actual possession of it.

A person, although not in actual possession who knowingly had both the power and intention at a given time to exercise dominion or control over a thing, either directly or through some other person, is then in constructive possession of it.

The law also recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, position is joint.

The term interstate or foreign commerce means the

movement of property from one state to another state or from one state to another country. The term state includes a state of the United States, the District of Columbia, and any commonwealth territory or possession of the United States.

It is not necessary for the Government to prove that you knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.

As used here, the term child pornography means any visual depiction, including any photograph, film, video, picture, or computer, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexual explicit conduct where a -- the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

A minor is any person under the age of 18 years.

From all this, Mr. Hager, do you understand what you're charged with and what the Government would have to prove against you in order to convict you if you went to trial?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: In light of everything explained to you, do you consider yourself guilty of that charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Ms. Shamblin, please place on the record the factual basis for the plea.

MS. SHAMBLIN: Your Honor, if this case went to trial, the United States would prove through testimony of witnesses, physical and documentary exhibits, and electronic evidence that on December 7th of 2023, law enforcement executed a search warrant at the defendant's residence in Madison, Boone County, West Virginia, and seized an external hard drive that was plugged into one of the defendant's computers.

A forensic examination of the hard drive revealed 146 images and 6 videos of child pornography depicting a single minor victim engaged in sexually explicit conduct such as masturbation. The images and videos were screen captures of Snapchat conversations between the defendant and the minor victim that the defendant had saved to the external hard drive. The defendant knew that the minor victim was under 18.

The United States would also seek judicial notice that Madison, Boone County, West Virginia lies within the Southern District of West Virginia.

THE COURT: Mr. Hager, you heard the Assistant United States Attorney's statement of the factual background of the charge against you. Is what she said substantially correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything Ms. Shamblin said

that should be changed in any way to make it completely truthful?

THE DEFENDANT: No, Your Honor.

THE COURT: Did you then do the acts to which you've tendered a guilty plea as set out in the indictment?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you pleading guilty because you are in fact guilty of that charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand if you do not plead guilty, you are entitled to a speedy and public trial before me and a jury of your peers, and that by pleading guilty, you completely waive this right to a trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If a trial were held, the Government would have to come forward and confront you with each witness upon whose testimony it relies. And when the Government presented those witnesses, your attorney would have the opportunity to question each of them and test the truth of what they were saying against you; that is, to confront and cross-examine each of the Government's witnesses under oath. By pleading guilty, you now surrender your right to both confront and cross-examine your accusers.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If a trial were held, you would be presumed innocent until such time, if ever, the Government overcame that presumption by the presentation of competent evidence that would first have to satisfy the Court and then a jury of your guilt beyond a reasonable doubt. By pleading guilty, you relieve the Government of this burden of proving you guilty beyond a reasonable doubt.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You are protected from compelled self-incrimination, Mr. Hager. And if you choose to go to trial, you have the absolute right to remain silent; that is, not take the witness stand, not call any witnesses or produce any evidence whatsoever. But if you did that, I would instruct the jury that they could not convict you by reason of your silence, but only upon affirmative proof beyond a reasonable doubt offered by the Government. By pleading guilty, you give up this right to silence.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if you choose to go to trial, you'll be entitled to the service of the U.S. Marshal to bring witnesses to court to testify on your behalf under subpoena if that were your desire?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if you chose to go to trial, you would have at trial the right to counsel to represent you and assist you at all stages of the proceedings, and in the event you cannot afford to hire a lawyer, your right to have the Court appoint one for you extends to your right to have court-appointed counsel at trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand Mr. Page, your counsel will represent you throughout the sentencing process?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if you're not satisfied with the sentence I impose upon you at the time of sentence, that will not give you any basis to withdraw your plea of guilty and claim a right to stand trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Except for the specific terms of your plea agreement, has anyone made any promises to you, offered any inducements to you, or done anything to get you to plead guilty against your will?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone threatened you, exerted any

force upon you, or done anything to get you to plead guilty?
THE DEFENDANT: No, Your Honor.
THE COURT: Has anyone made any promises to you concerning the sentence you'll receive if you plead guilty?
THE DEFENDANT: No, Your Honor.
THE COURT: Has anyone made any predictions to you that I will handle your case more leniently if you plead guilty than if you choose to stand trial?
THE DEFENDANT: No, Your Honor.
THE COURT: Are you in fact acting voluntarily and of your own free will when you tender this plea of guilty to the Court?
THE DEFENDANT: Yes, I am Your Honor.
THE COURT: Mr. Page, has Mr. Hager been competent and able to assist you throughout this case?
MR. PAGE: Very much so, Your Honor, yes.
THE COURT: Are you satisfied you've had sufficient time to go over all relevant matters with him?
MR. PAGE: Yes, Your Honor, I have.
THE COURT: Are you satisfied that if this case went to trial, there would have been no meritorious legal defense you could have interposed on his behalf?
MR. PAGE: Yes, Your Honor, I am.
THE COURT: Are you satisfied that his constitutional and other rights have been fully observed in

this proceeding and in all matters leading up to this hearing?

MR. PAGE: Within the scope of my representation, yes, Your Honor.

THE COURT: Do you then concur in Mr. Hager's intention to plead guilty to the indictment under the terms of the plea agreement?

MR. PAGE: Yes, Your Honor, I do.

THE COURT: Mr. Hager, do you feel like you've had enough time to consult with Mr. Page, your attorney concerning the charges against you?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: Have you been honest with him and told him all the facts?

THE DEFENDANT: 100 percent, Your Honor.

THE COURT: Has he answered each question you've asked him to your full satisfaction?

THE DEFENDANT: Absolutely, Your Honor.

THE COURT: Are you completely satisfied with the quality of Mr. Page's services as your attorney?

THE DEFENDANT: Completely, Your Honor, yes.

THE COURT: Do you have any second thoughts about the wisdom of pleading guilty to this charge?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you still wish to plead guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Before the execution of a written plea, let me ask whether counsel for the United States or the defendant desires that I make any further inquiry of Mr. Hager concerning his plea.

Ms. Shamblin?

MS. SHAMBLIN: No, Your Honor. Thank you.

THE COURT: Mr. Page?

MR. PAGE: No, Your Honor.

THE COURT: Mr. Hager, the clerk will now hand you a written guilty plea form. Please go over it with your attorney. If it's still your wish to plead guilty, sign it as indicated.

(Defendant and counsel sign document.)

MR. PAGE: May I approach, Your Honor?

THE COURT: Yes, you may.

(Counsel approaches.)

THE COURT: Mr. Page, the -- or, Mr. Hager, Mr. Page will represent you throughout the sentencing process. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you're satisfied with that?

THE DEFENDANT: Absolutely, Your Honor.

THE COURT: The record will reflect that the written guilty plea form has been signed in open court by

the defendant and witnessed by his attorney and it will be filed and made a part of this record in this case.

Mr. Hager, based upon your written plea of guilty as well as your factual admission of guilt, the Court finds that there is a factual as well as a legal basis for your plea of guilty to the crime charged in the indictment, which charges you with knowingly possessing child pornography in violation of Title 18 United States Code Sections 2252A(a)(5)(B) and 2252A(b)(2).

Based upon the proffer of the United States concerning the facts that it is prepared to prove at trial, the Court finds that there is an independent factual basis for a plea of guilty.

I further find that you're acting voluntarily, of your own free will in tendering this plea of guilty and that you plead guilty with a full understanding and awareness of the constitutional and other rights which you give up when you tender a plea of guilty and that you have an awareness of what the Government would have to prove against you in order to obtain a conviction if you went to trial.

I further find that you have an appreciation of the consequences of your plea and that you understand the range of penalties to which you become exposed upon conviction.

Your plea of guilty is accepted and I'll defer a final acceptance of the plea agreement and the adjudication of

guilt pending receipt of the presentence investigation report in this case. You will be asked to provide information for the presentence report and you may have your attorney present at that time if you wish.

The Court will give you and counsel an opportunity to review a draft of the presentence report prior to the sentencing hearing in this case. And you and your counsel will be given the opportunity to comment upon the report and to introduce testimony or other information relative to anything in it you believe to be inaccurate or incomplete.

Furthermore, you and your counsel will have the opportunity to speak on your behalf at the sentencing hearing and you may offer matters in mitigation or extenuation of punishment or otherwise relevant to sentencing at that time.

Unless otherwise directed by the Court, the United States Probation Office will not disclose any sentencing recommendation contained in the presentence report until accepted by the Court.

The Court sets sentencing for January 14, 2026, at 11:30 a.m. here in Charleston. January 14, 11:30, Charleston.

The Court is informed that the defendant is on bond.

Do you have any objection to him continuing his bond, Ms. Shamblin?

MS. SHAMBLIN: No, Your Honor. Thank you.

THE COURT: Mr. Hager, the Court having reviewed the matters of record and had an opportunity to size you up a little bit here in court finds that you are not a flight risk or a danger to any other person in the community. And I want to continue your bond -- your current bond --

That's what you wanted, Mr. Page?

MR. PAGE: Yes, Your Honor.

THE COURT: -- pending the sentencing hearing in this case. You'll be on the same bond, subject to all the same conditions. And now that you've tendered a guilty plea, it's more important than ever that you understand those conditions and abide by them, because the breach of any condition could lead to serious consequences, such as me having to hold you in custody pending your sentencing hearing. It's also my duty to inform you that the failure to appear for your sentencing hearing or as otherwise ordered by the Court is a separate felony offense against the laws of the United States.

Now, subject to all that, Mr. Hager, you'll be released at the conclusion of this hearing subject to all the conditions of your bond.

Is there anything else to take up today with regard to this matter, Ms. Shamblin?

MS. SHAMBLIN: No, Your Honor.

THE COURT: Mr. Page?

MR. PAGE: No, Your Honor.

THE COURT: All right. This matter is continued until the sentencing hearing or the further order of the Court, as the case may be, and this hearing today is concluded.

(Proceedings concluded at 12:08 p.m., October 7, 2025.)

CERTIFICATE OF OFFICIAL REPORTER

I, Amanda J. Pickens, Federal Official Realtime Court Reporter, in and for the United States District Court for the Southern District of West Virginia, do hereby certify that, pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

s/Amanda J. Pickens, FCRR, RPR, CCR October 27, 2025

Amanda J. Pickens, FCRR, RPR, CCR
Federal Official Court Reporter