IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA


v.                                        CRIMINAL NO. 2:25-cr-00094


GREGORY NEAL HAGER


### SENTENCING MEMORANDUM OF THE UNITED STATES

COMES NOW the United States of America, by Lesley Shamblin, Assistant United States Attorney for the Southern District of West Virginia, and files this memorandum in aid of sentencing in the above-styled case. For the reasons explained herein, the United States respectfully requests that this Court impose a sentence of 87 months of imprisonment, followed by a term of supervised release.

I.    BACKGROUND

On October 7, 2025, Gregory Neal Hager ("Defendant"), pursuant to a written plea agreement, pled guilty to possession of pubescent child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), as charged in the single-count Indictment in this case. (ECF Nos. 1, 44, 45, 46, 47.) In the plea agreement, the United States and Defendant agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence

between 70 and 87 months of imprisonment is appropriate in this case. (ECF No. 46 at 8-9.) If this Court accepts the plea agreement, which the United States urges this Court to do, this Court must sentence Defendant within the agreed-upon range. (Id. at 9.)

The Presentence Investigation Report ("PSR") prepared to assist this Court at sentencing calculated Defendant's total offense level at thirty-five and his criminal history category at I, resulting in a Guidelines range of 120 months of imprisonment, the statutory maximum. (PSR ¶¶ 58, 61, 89.) The United States agrees with this calculation.

## II.   OUTSTANDING OBJECTIONS TO PSR

As outlined in the Addendum to the PSR, Defendant has made six objections that remain for this Court's resolution at sentencing. The United States responds to those objections as follows:

Objection 1: The United States has no objection to changing the phrase "bond violation" in the "Release Status" paragraph to "alleged bond violation" or "petition to revoke bond."

Objection 2: The United States has no objection to Defendant's requested amendment to paragraph 8 of the PSR.

Objection 3: As noted in the Probation Officer's response to this objection, Defendant withdrew his objection to the PSR's

application of the production of child pornography cross-reference at U.S.S.G. §2G2.2(c). His remaining objections to paragraphs 7, 11, 18, 19, 21, 24, 25, 26, 27, and 28 of the PSR dispute various statements made by the victim while acknowledging that the PSR accurately reflects the discovery materials. Because the PSR simply restates what the victim said when she was interviewed, the United States believes the PSR should remain as written. That said, the United States concedes that the victim made false statements during the course of the investigation of this case, particularly during her second forensic interview, which is summarized in paragraphs 24 through 28 of the PSR. However, as set forth in the response of the United States to this objection, which has been reproduced in the Addendum to the PSR,[1] the objective evidence in this case establishes that Defendant and the victim had conversations of a sexual nature via Snapchat, and therefore, many of the victim's statements about Defendant were true. That the victim made other statements that were false is not a basis to remove or her statements from the PSR or to qualify them by noting Defendant's disagreement with her assertions.

---

[1] The response references a forensic examination report that was not included in the Addendum to the PSR. The report constitutes a sampling of the images that were found on Defendant's external hard drive and has been sanitized to remove any child pornography. However, because the images depict a minor victim, the United States will file the report under seal pursuant to 18 U.S.C. § 3509(d)(2).

Objection 4: The United States has no objection to Defendant's requested amendment to paragraphs 12 and 14 of the PSR.

Objection 5: The United States agrees with the Probation Officer that the conditions of supervised release in paragraphs 125, 126, 127, 130, 133, and 135 should be applied to Defendant in light of his offense conduct. Notably, Defendant does not object to the conditions being applied to him; he merely disputes part of the Probation Officer's justification for imposing the conditions.

Objection 6: The United States agrees that Defendant is subject to the assessment in 18 U.S.C. § 2259A, in an amount up to $17,000, and that in determining whether to impose the assessment, this Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a) and 3572. The United States agrees that Defendant has the right to oppose the application of the assessment; however, the United States does not believe the PSR should be amended to include that information.

## III. **18 U.S.C. § 3553(a) SENTENCING FACTORS**

In assessing the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests that this Court consider the following:

### (1)  **Nature and Circumstances of the Offense.**

On multiple occasions in the months leading up to December 7, 2023, Defendant and the victim in this case, who was around fifteen

years old at the time, exchanged sexual messages on Snapchat. (PSR ¶¶ 30, 31.) Snapchat is a mobile messaging application that "is designed to delete [a message] by default after it's viewed or expires." Snap Inc. Privacy Policy, available at https://values.snap.com/privacy/privacy-center (last accessed May 22, 2026). Because of that feature, Snapchat is often used for the sort of sexual conversations Defendant was having with the victim in this case.

Defendant did not want the messages he received from the victim to be deleted when he read them, so he took screenshots of the messages he wanted to keep and saved them to an external hard drive that was connected to a computer at his house. (PSR ¶¶ 23, 29.) In total, the hard drive contained 146 unique images and six videos depicting child pornography of the victim. (PSR ¶ 30.) Some of the images and videos depicted the victim masturbating in her bedroom and showed only her pubic area. (PSR ¶ 29.) Others depicted the victim fully nude in the shower. (PSR ¶ 29.) The hard drive also contained hundreds more pictures of the victim that did not constitute child pornography but depicted the victim wearing fire department apparel in a field, sitting at her desk at school, and posing in a swimsuit and a red dress at her house, among other innocuous activities.

Even though Defendant did not save his side of his conversations with the victim, the text captions overlaying the images and videos Defendant saved to the hard drive make clear that the victim was creating child pornography while chatting with Defendant and that Defendant was encouraging (or, at the very least, happily permitting) her to do so. (PSR Addendum.) For example, on one occasion the victim sent Defendant a picture of her pubic area and told him that she "tried to video what just happened but it happened too quick." (Exh. 1 (Sanitized Forensic Report) at 2.) The caption, in the context of the picture behind it, suggests that the victim attempted to film herself masturbating to orgasm. Another time, she sent Defendant a picture of herself wearing a tank top and her underwear and told the Defendant that she "might be able to send something" -- indicating that Defendant specifically requested that the victim send pictures or videos to him. (Id. at 22.) In that same vein, the victim sent Defendant a video panning the camera around her nude body with a caption asking him if he preferred "something like this[]" -- in other words, soliciting Defendant's feedback about the child pornography she sent to him. (Id. at 34.)

(2)  **History and Characteristics of the Offender.**

Defendant is presently forty-one years old and was thirty-eight years old at the time of his offense conduct. (PSR ¶ 70.) He

was born to teenage parents who divorced when he was only a toddler. (PSR ¶ 72.) He was raised by his paternal grandparents but maintained a close relationship with his parents while growing up. (PSR ¶ 72.)

In high school, Defendant became a junior firefighter in Madison, West Virginia. (PSR ¶ 84.) After graduating in 2003, Defendant joined the Danville Volunteer Fire Department in Danville, West Virginia, and was a member until December 2023. (PSR ¶¶ 81, 84.) In the interim, Defendant served in the United States Marine Corps from 2011 until 2016. (PSR ¶¶ 75, 85.) Upon returning home after active duty, Defendant worked as an armed security officer for several years. (PSR ¶ 83.) He later obtained associate's degrees in network engineering and cybersecurity, and from 2020 until his arrest in December 2023, he worked as a systems administrator for the Boone County Commission. (PSR ¶ 83.) Most recently, Defendant worked as a cell phone repair technician before his arrest on the indictment in this case. (PSR ¶ 82.) Until his conviction in this case, Defendant had no criminal history aside from a street-racing conviction from 2003. (PSR ¶ 60.)

**(3)** **Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Provide Adequate Deterrence, and Protect the Public.**

A sentence of 87 months of imprisonment, at the top end of the agreed-upon range, would accomplish each of these goals.

Defendant, then a thirty-eight-year-old man in a yearslong relationship with his now-wife, had absolutely no business sexting a fifteen-year-old girl. Rather than engage with the victim's willingness to send him child pornography, Defendant should have behaved like the grown man he was and immediately ceased all communication with the victim. But he did virtually the opposite, not only permitting the victim to continue to send him child pornography but also saving it to a personal hard drive so he could view it again later.

At that point in her life, the victim wanted to follow in Defendant's footsteps as a volunteer firefighter in their community. But instead of being a mentor to a child who hoped to be like him someday, Defendant took advantage of the victim's admiration for him to satisfy his own sexual desires. Because of Defendant's conduct, the victim has given up on her dream of helping others as a firefighter or an EMT.

Defendant's actions were selfish and despicable, especially for a longtime public servant. His behavior also evidences a troubling pattern within the Danville Volunteer Fire Department involving the sexual abuse of teenage girls who sought to join the junior firefighter program. This Court may recall the recent prosecution of fellow Danville VFD member Christopher Osborne, who was convicted in this District of a violation of 18 U.S.C. § 242

8

after he raped a sixteen-year-old junior firefighter and was sentenced to fourteen years in prison by Judge Copenhaver in August 2022. To be sure, Defendant's offense conduct is far less serious than Osborne's, but the comparison illustrates the need for a significant sentence in this case to discourage other adult men from using their positions as firefighters to prey on teenage girls.

The United States recognizes that the requested sentence of 87 months of imprisonment is a significant downward variance from the applicable Guidelines range of 120 months. However, a sentence at the top of the agreed-upon range in the plea agreement accounts for relevant factors that are not captured by the Guidelines, such as the victim's willingness to sext with Defendant and the fact that no hands-on sexual abuse occurred. An 87-month sentence is a substantial punishment, especially for someone like Defendant with minimal criminal history, and reflects that Defendant's offense conduct -- while on the low end of the overall spectrum of production of child pornography -- was nonetheless serious and should not be repeated. But make no mistake; Defendant deserves every bit of the 87-month sentence the United States is asking this Court to impose.

For those reasons, and because the plea agreement ensures that the victim, who is still a minor, will receive the restitution

to which she is entitled and will be protected from the trauma of testifying at a trial, the United States urges this Court to accept the plea agreement in this case and sentence Defendant at the top of the agreed-upon range.

**(4)    Available Sentences and Applicable Guidelines Range.**

The statutory maximum term of imprisonment is ten years, with no applicable mandatory minimum. If this Court agrees with the calculations in the PSR, Defendant's Guidelines range is 120 months of imprisonment, the statutory maximum. If this Court accepts the Rule 11(c)(1)(C) plea agreement in this case, this Court must impose a sentence between 70 and 87 months of imprisonment.

**(5)    Restitution.**

Restitution to the victim in this case is mandatory pursuant to 18 U.S.C. § 2259(a). The victim, through counsel, has informed the United States that she wishes to claim restitution, but to date, the United States has not received any documentation to support such claim. Therefore, the United States requests that this Court proceed with sentencing as scheduled but, pursuant to 18 U.S.C. § 3664(d)(5), "set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

**IV.    WITNESSES AND TIME FOR HEARING**

The United States does not anticipate calling any witnesses during the sentencing hearing. However, the victim has informed

10

the United States that she would like to address this Court at the hearing. The United States anticipates the hearing will last no more than an hour.

## V.    CONCLUSION

The United States respectfully requests that this Court impose a sentence of 87 months of imprisonment, followed by a term of supervised release.

Respectfully submitted,

MOORE CAPITO
United States Attorney

/s/Lesley Shamblin
LESLEY SHAMBLIN
Assistant United States Attorney
WV Bar No. 12975
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Lesley.Shamblin@usdoj.gov

11

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 22nd day of May, 2026, to:

Wesley P. Page, FPD
Federal Public Defender's Office
300 Virginia Street, East
Room 3400
Charleston, WV 25301
Email: Wesley_Page@fd.org

/s/Lesley Shamblin
LESLEY SHAMBLIN
Assistant United States Attorney
WV Bar No. 12975
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Lesley.Shamblin@usdoj.gov